UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| TIFFANY HAMPTON, on behalf of herself and all other similarly situated<br><br>Plaintiffs,<br>vs.<br><br>TACT 1 LLC,<br><br>Defendant. | )<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, TIFFANY HAMPTON, by her undersigned attorneys, for her Complaint against the Defendant TACT 1 LLC, alleges as follows:

## NATURE OF ACTION AND PARTIES

1. This civil action is brought by the above-named plaintiff who seek redress for the Defendant's violations of her rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. This action is brought as a state wide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act. It is also brought as a state wide Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq.

2. Plaintiff Tiffany Hampton was employed by Defendant as a security guard by the Defendant. Defendant has more than 100 security guards in Illinois.. Defendant's corporate headquarters are located at 2255 E. 95th Street, Chicago, Illinois.

3. Defendant implemented a common scheme whereby Plaintiff and all security guards were not paid for overtime for hours worked in excess of forty hours in a given

workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Act, 820 ILCS § 105 *et seq.*.

4. The similarly situated individuals whom the Plaintiff seeks to represent are comprised of all security guards employed by Defendant Tact 1 LLC. Defendant knowingly and willfully failed to pay her and th3e putative class wages in accordance with applicable federal law, including but not limited to overtime wages that were improperly underpaid due to Defendant's common compensation policy. Plaintiff seeks redress on behalf of herself and all others similarly situated. Plaintiff brings this action as a statewide collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a statewide class action under Illinois law pursuant to Rule 23, F.R.C.P.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Tact 1 LLC ("Tact 1") was and still is a domestic limited liability corporation with its headquarters in Chicago, Illinois.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL ALLEGATIONS**

8. This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay security guards for earned overtime pay. Defendant accomplishes this by paying its security guards for two week periods and by combining the hours for both weeks, thereby allowing the Defendant to group weeks with overtime together with weeks that either have no overtime or are under 40 hours. For example, the Plaintiff was paid for 93 hours for the period of December 13-26, 2015. She worked 63 hours in the first week and 30 hours in the second week. Because the Defendant combined the two weeks, it only paid overtime for the time worked over 80 hours: 13 hours. In so doing, it cheated the Plaintiff out of the 13 additional hours she worked in the first week.

9. At all times relevant, Plaintiff and all other security guards were non-exempt employees of Defendant Tact 1, as defined by the FLSA. Plaintiff Tiffany Hampton was employed by the Defendant from December 9, 2015 through January 12, 2016.

10. At all times relevant, Tact 1 was an employer, as defined by the FLSA and Illinois state law.

11. At all times relevant, Tact 1 was engaged in "interstate commerce" as that term is used in the FLSA.

12. During the course of employment with Defendant Tact 1, security guards such as the Plaintiff were not exempt from overtime wages. However, they were only paid overtime for hours worked over 80 in a two week period rather than over 40 hours in a regular work week. Thus, if a security guard worked 50 hours in week one and 30 hours in week two, she would be paid no overtime for her 80 hours rather than ten hours of overtime for week one as required by the FLSA and the IMWA.

13. Plaintiff was paid an hourly wage for being a security guard. At the time her employment ended, she was paid $10 an hour.

14. During the course of all the security guards' employment with Defendant Tact 1, the security guards routinely worked in excess of 40 hours per week but not necessarily more than 80 hours in the two week pay periods.

15. Despite the fact that the security guards were not exempt, Defendant Tact 1 did not pay them the proper wages they were owed, including payment of all overtime wages.

16. Plaintiff and the Class are entitled to actual and liquidated damages for Defendant's actions.

## COLLECTIVE ACTION ALLEGATIONS
## OF THE FLSA CLASS

17. Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

18. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of herself and the following class of persons: All security guards who worked for Tact 1 at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

19. All putative members of the class are similarly situated because, inter alia, they all had similar duties; performed similar tasks; were entitled under the FLSA to be paid overtime for all work in excess of 40 hours per week; and had such rights undermined and negated by Defendant's unlawful practices and policies.

20. Defendant has encouraged, permitted, and required the security guards to work without all overtime compensation to which they are entitled.

21. Defendant has known that Plaintiff and other members of the FLSA Class have been deprived of overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class overtime compensation as described above.

22. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES UNDER THE FLSA

24. Plaintiff realleges and incorporates by reference all the above allegations.

25. Under the FLSA, the security guards (hereinafter referred to as "The FLSA Class") were entitled to be paid overtime for all hours worked over 40 in a given work week.

26. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

27. Defendant failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

28. Defendant's violation of the FLSA for failure to pay the security guards overtime wages was willful and deliberate.

29. Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

30. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

31. Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

32. Plaintiff also brings this action as a class action on behalf of herself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

### Class Action Law

33. Rule 23 provides that a cause of action may be maintained as a Class Action if:

    a. The Class is so numerous that the joinder of all members is impracticable;

    b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members;

    c. The representative parties will fairly and adequately protect the interest of the Class; and,

    d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

### Proposed Class

34. Plaintiffs seek certification of the following classes:

"All individuals who were employed by Defendant, its subsidiaries or affiliated companies, as security guards in the state of Illinois at any time during the relevant statute of limitations period who were not paid overtime for hours worked over 40 in any given work week."

### The Employee Class Meets the Requirements for Class Certification Numerosity

35. The Class satisfies the numerosity standards. On information and belief, at the time this complaint was filed, Tact 1 had at least one hundred security guards in its Illinois operations. Over the last three years, there have been at least another fifty security guards who worked at Tact 1 and who have the same claims as the Plaintiff. There is no question therefore that this lawsuit encompasses over 100 potential claimants. The proposed Class can be identified and located using Defendant's payroll and personnel records. Therefore, the Class is so

numerous that the joinder of all members is impracticable and the Class can be ascertained through objective criteria. Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

## Common Questions of Fact or Law

36. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant failed to pay Plaintiff and Class members all compensation due them;

   b. Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them;

   c. Whether Plaintiffs and the Class worked in excess of 40 hours per week;

   d. Whether Defendant's practices violate provisions of the Illinois Minimum Wage Law;

   e. Whether the Defendant's failure to pay overtime was willful;

   f. Whether Plaintiff and the Class have suffered damages and the proper measure of those damages;

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy. Moreover, the resolution of these common issues will control the outcome of the litigation.

## Typicality

38. Plaintiff's claims are typical of the claims of the Class members. The named Plaintiff suffered similar injuries as those suffered by other Class members as a result of

Defendant's failure to pay wages, including overtime compensation, for overtime hours actually worked.

### Adequacy

39. The named Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the Class will be fairly and adequately protected by the named Plaintiff and her undersigned counsel. Plaintiff hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

40. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

### COUNT II
### FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

41. Plaintiff repeats and re-alleges the above paragraphs.

42.     Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

43.     Defendant failed to pay Plaintiff for all overtime hours worked. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for all overtime hours worked.

44.     The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*   Defendant's actions were willful and not in good faith.

45.     Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

1.     Award all actual damages suffered by Plaintiff and the security guards;

2.      Enter an order declaring that Defendant willfully violated the overtime provisions of the FLSA and the IMWA;

3.     Award Plaintiff and the Class damages in the amount of overtime wages required by the FLSA and the IMWA that were improperly denied them by Defendant's actions;

4.     Award Plaintiff and the Class liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

5.     Award Plaintiff and the Class punitive damages;

6.     Award Plaintiff and the Class prejudgment interest pursuant to the IMWA;

7.     Award Plaintiff and the Class post-judgment interest;

8. Award Plaintiff's reasonable attorneys' fees as well as the costs of this action;

9. Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: March 2, 2016               Respectfully submitted,

                                   TIFFANY HAMPTON

                                   By: ____/s/ Terrence Buehler_____

                                   Terrence Buehler
                                   **The Law Office of Terrence Buehler**
                                   55 West Wacker Drive
                                   Suite 1400
                                   Chicago, Illinois 60601
                                   Telephone: (312) 456-7790


                                   Peter Lubin
                                   Vincent DiTommaso
                                   **DiTommaso-Lubin**
                                   DiTommaso-Lubin P.C.
                                   The Oak Brook Terrace Atrium
                                   17W220 22d Street, Suite 200
                                   Oak Brook Terrace, IL 60181